## No. 9384.

### John I. Adams & Co. vs. Samuel Friedlander.—Adams Kellogg, Intervenor.

The transfer of a judgment " so far as the same now remains unpaid," with subrogation to existing rights against the person and property of the debtor, does not authorize the transferee to assail prior contracts of the original judgment creditor, under which, for due consideration, certain property had been released from the judicial mortgage resulting from the record of the judgment; nor does it subrogate the transferee to the rights of the transferrer to complain of non-compliance with alleged terms of such extra judicial contract. In any event, the transferree could not judicially claim the nullity of such contract without making both parties thereto parties to his suit.

Where antecedent tender is required, a mere written communication demanding the cancellation of a contract and expressing the willingness to return what had been paid, when not actively declined or refused, is not a substitute for the tender itself or an excuse for not actually making it.

APPEAL from the Eighth District Court, Parish of Madison. *Deloney, J.*

*Wade R. Young* for Plaintiffs and Appellants.

*A. L. Slack* for Defendant and Appellee.

The opinion of the Court was delivered by

Fenner, J. The Importers and Traders' National Bank of New York, as holder of notes of Temple S. Coons endorsed by John I. Adams & Co., recovered judgment against Coons for $5507.58 in the

U. S. Circuit Court, which was recorded as a judicial mortgage on the property of Coons, in Madison parish, on May 30, 1879.

In May, 1881, the bank recovered a judgment against John I. Adams & Co. as endorsers on the same notes for $2674.00, being fifty *per centum* of the amount due on said notes, to which the solidary liability of Adams & Co. had been reduced by the terms of their composition proceeding in bankruptcy. The amount of this judgment was paid by Adams & Co.

The judicial mortgage resulting from the recordation of the judgment of the bank against Coons rested on two plantations of the debtor in the parish of Madison, the "Richmond" and the "Killickrankie" plantations, upon which Samuel Friedlander also held a judicial mortgage.

Under a sale made in execution of his judgment, Friedlander had become the purchaser of "Richmond", subject, however, to the judicial mortgage of the bank.

The title to "Richmond" was clouded by certain conflicting claims which it was necessary to clear away, and a written agreement was made between the bank and Friedlander, in March, 1882, by which the former was to forbear from foreclosing its mortgage until the title was cleared, and, upon such clearing, to accept from Friedlander the sum of $2500 in full satisfaction and release of its judicial mortgage on "Richmond", reserving the right to proceed for satisfaction of the *balance* of its judgment and mortgage against any other property subject thereto.

In February, 1883, in pursuance of above agreement, the title having been cleared, the bank accepted the $2500 from Friedlander and executed a written release of its mortgage on "Richmond," with the reservation aforesaid against other property, and the mortgage was, accordingly, actually cancelled, as against "Richmond," on the Recorder's books.

After all the foregoing transactions, in March, 1884, the bank transferred to John I. Adams & Co., the present plaintiff, the judgment held by it against Coons, without reference to the release of the mortgage against "Richmond," which had been previously executed or to the payment of $2500 by Friedlander; but the transfer is carefully limited to the judgment, "so far as the same now remains unpaid," and to the bank's rights in the premises, whether against said Temple S. Coons, or any property on which said decree may be a lien or judicial mortgage and against any other person."

John I. Adams & Co., the present plaintiff, is an entirely distinct firm, in every respect, from the firm of the same name which had endorsed the notes of Coons, and against which, subsequently, the bank obtained judgment, and which had satisfied that judgment.

The present action is brought to rescind the agreement between the bank and Friedlander, as to the release of the mortgage of "Richmond," and to compel Friedlander to accept a return of the $2500 paid by him, and to reinstate the released mortgage.

The complaint is, that the written instruments touching the release, do not contain the whole agreements between the parties; but that there were other oral stipulations, with which Friedlander had bound himself to comply and which he had violated.

We do not find it necessary to particularize further the nature of these allegations; since it is plain, for several reasons, that plaintiff has no right to maintain this action, viz:

1. The agreement was between the bank and Friedlander. The plaintiff was neither party nor privy to it; and whatever rights to attack it, might have inhered in the bank, there is nothing to show that such rights have been transferred to plaintiff, which has simply acquired the judgment as it stood, at date of transfer in 1884, after the agreement for release had been fully executed, and the transfer of the bank's rights under the judgment did not include its rights to attack the executed release which arose from an *extra* judicial contract.

2. It seems too clear to admit of dispute that if plaintiff had anterior rights, as claimed, which were injured by the bank's dealing with Friedlander, giving it the privilege, in its own right, to attack and annul the contract, it would be absolutely essential to make the bank a party; which has not been done.

3. It is a case in which antecedent tender of the sum paid by Friedlander, would be a condition precedent to the action. Such tender has not been made and the communications expressing a willingness to make such payment, not answered or expressly declined by Friedlander, cannot operate as a substitute for actual tender or as legal excuse for failure to make it.

If we entered into more visceral questions, our solution of them would be equally fatal to the case of plaintiff; but the foregoing are sufficient to sustain the judgment.

Judgment affirmed.